IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROY M. LOONEY,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER EAJA, WITHOUT PREJUDICE<br><br><br>Case No. 2:05-CV-416 TS |

In order to obtain attorney fees under the Equal Access to Justice Act (EAJA) the prevailing party must apply for fees "within thirty days of final judgment in the action."[1]  In this Social Security case, Defendant opposes Plaintiff's counsel's application for attorney fees under the EAJA solely on the grounds that it was not filed within the 30-day window. Because the Court finds that there is, as yet, no final judgment in the present case, the time for filing the application has not yet begun.  Accordingly, the Court will deny the application for attorney fees as premature, without prejudice to refiling.

---

[1] 28 U.S.C. § 2412(d)(1)(B).

1

Because Plaintiff obtained a "sentence four"[2] remand, he is "a prevailing party for the purposes of EAJA."[3] The issue before the Court is whether the EAJA fee application was timely filed. The relevant facts are simple: On May 18, 2006, the Court issued its Order granting the Defendant's unopposed Motion to Remand (Remand Order).[4] That Order provided that the case was remanded and that judgment shall be entered in accordance with Fed. R. Civ. P. 58 and the *Schaefer*[5] case. However, no separate judgment was entered.

"An EAJA application may be filed until 30 days after a judgment becomes 'not appealable' -*i.e.*, 30 days after the time for appeal has ended."[6] Because the Defendant is an agency of the United States, the time for filing an appeal is 60 days.[7] Defendant contends that the entry of the Court's May 18, 2006 Remand Order is the judgment, which it argues became final when it became non-appealable 60 days later, on July 17, 2006. Defendant further argues that the 30-day period following July 17, 2006, ended on August

---

[2] A remand under the fourth sentence of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993) (explaining that "in cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g).").

[3] *Hackett v. Barnhart*, __ F.3d __, 2006 WL 3365374 (10th Cir. 2006).

[4] Docket No. 18.

[5] *Schaefer*, *supra*.

[6] *Schaefer*, 509 U.S. at 302 (citing 28 U.S.C. §2412(d)(1)(B), (d)(2)(G)).

[7] *Id.*; *see* Fed. R. App. P. 4(a)(1)(B) (60 days to file an appeal when United States, its officer, or its agency is a party).

15, 2006.  The present Application was filed on August 28, 2006.  Therefore, Defendant argues the Application was filed outside the 30-day time limit for filing an EAJA application.

The Supreme Court considered the trigger for the 30-day period in *Shalala v. Schaefer*.[8]  In *Schaefer*, an EAJA application was filed in a Social Security case over one year after the district court's remand order and over three months following the award of benefits on remand.[9]  The Secretary argued that the application was not timely filed.  The Supreme Court noted that the 30-day time limit is triggered by the end of the 60-day appeal period.  The Supreme Court held that under Fed. R. App. P. 4, the 60-day time for appeal "does not end until 60 days after 'entry of judgment,' and . . . a judgment is considered entered for purposes of [Rule 4(a)] only if it has been 'entered in compliance with Rule 58 . . . of the Federal Rules of Civil Procedure.'  Rule 58, in turn, requires a district court to set forth every judgment 'on a separate document' and provides that 'a judgment is effective only when so set forth.'"[10]  Because in *Schaefer* there had never been a separate judgment complying with Rule 58, the Supreme Court held that the remand order remained "appealable" over a year later when the EAJA application was filed and, therefore, the application was timely filed.[11]

---

[8] *Schaefer,* 509 U.S. at 302.

[9] *Id.* at 294.

[10] *Id.* at 302.

[11] *Id.* (agreeing that "since no judgment was entered . . . the 30-day time period for filing an application for EAJA fees cannot have run").

In *Goatcher v. Chater*,[12] another Social Security case, the Tenth Circuit followed *Schaefer* and denied the application for EAJA fees as premature, without prejudice to refiling. The Tenth Circuit clarified that it is the district court's final judgment, made effective when it is entered on a separate document in accordance with Rule 58, that triggers the 30-day period for a timely EAJA fee application.[13]

In 2002, subsequent to the *Schaefer* and *Goatcher* opinions, the rules that they interpreted, Fed. R. Civ. P. 58 and Fed. R. App. P. 4., were amended to address the problem that the lack of compliance with Rule 58's separate document rule potentially meant that the time for filing an appeal did not ever begin to run, and therefore did not ever expire.[14] "According to amended Rule 58 and 4(a), a judgment requiring a separate document under Rule 58(a)(1) becomes final at the earlier of (a) being set forth on a separate document, or (b) 150 days after entry of the order in the civil docket under Rule 79(a)."[15]

Applying the 2002 Amendments to the present case, there has been no separate judgment, and, therefore, the 150-day period comes into play. That 150-day period began

---

[12]57 F.3d 980, 981 (10th Cir. 1995).

[13]*Id*. at 981-82. (finding that fee application is premature until remand order establishing a prevailing party and a final judgment in accordance with Rule 58).

[14]*Utah v. Norton,* 396 F.3d 1281, 1286-87 (10th Cir. 2005).

[15]*Id.* (noting that the amendments found at Fed. R. Civ. P. 58(b)(2) and Fed. R. App. P. 4(a)(7)(A)(ii) were made to "ensure that appeal time does not linger on indefinitely") (quoting Fed. R. Civ. P. 58, Advisory Committee Notes, 2002 Amendments).

on May 19, 2006, the day after the Remand Order was docketed.[16]  The 150-day period ended on October 16, 2006.  Accordingly, judgment is considered entered in this case, for purposes of determining the time to appeal, 150 days after entry of the Remand Order,[17] or October 16, 2006.  It was that event--the end of the 150-day period--which then triggered the 60-day appeal period.  That 60-day appeal period will end on December 15, 2006.  It will be the end of the 60-day appeal period that will render the Remand Order "final and nonappealable"[18] and, therefore, a "final judgment" for the purpose of triggering the 30-day period for filing an EAJA fee application.[19]  Thus, the fee application is premature.[20]

The parties are reminded that Rule 58(d) provides that any party "may request that judgment be set forth on a separate document as required" for the separate judgment rule, thereby eliminating the need to wait for the end of the 150-day period.  Based upon the foregoing, it is therefore

---

[16] Fed. R. Civ. P. 6(a) ("In computing any period of time . . . the day of the . . . event, . . . from which the designated period of time begins to run shall not be included.").

[17] Fed. R. App. P. 4(a)(7)(A)(ii).

[18] 28 U.S.C. § 2412(d)(1)(G).

[19] *Id*. §2412(d)(1)(B) ("A party seeking an award of fees . . . shall, within thirty days of a final judgment in the action, submit to the court an application . . .").

[20] *Goatcher*, 57 F.3d at 981-82.

ORDERED that Plaintiff's Application for attorney fees under the EAJA (Docket No. 19) is DENIED as premature, without prejudice to refiling.

DATED  December 8, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge